On respondent's petition for attorney fees dated July 19; appellant's objection to petition for attorney fees dated August 1; and respondent's reply to appellant's objection to petition for attorney fees dated August 16, petition for attorney fees allowed in the sum of $11,077.70 October 31, 2001

ROUGH & READY LUMBER CO.,
an Oregon corporation,
*Respondent,*

*v.*

William R. HARTNELL,
*Appellant,*

*and*

ANDY R, INC.,
a Washington corporation;
Andy Roderick; Andy R, Inc. of Oregon,
an Oregon corporation;
Linda Lee Gettling, Trustee of the
Alvin D. Bounds Trust Dated August 16, 1987;
Mortgage Corporation of America,
a Washington corporation;
Rex Kellso; and
Oregon Oswego Land & Lending Company,
an Oregon corporation,
*Defendants.*

93-2654-E-3; A109062

34 P3d 734

Ronald B. Versteeg for petition.

Marianne Dugan *contra*.

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

PER CURIAM

## PER CURIAM

Plaintiff, the prevailing party, sought recovery of its portion of the neutral's fee for participating in the Court of Appeals' settlement program. We hold that a prevailing party is not entitled to recover its portion of the neutral's fee.

This case was assigned to the court's Appellate Settlement Conference Program. *See generally* ORAP 15. ORAP 15.05(7)(a) requires the parties to equally share the neutral's fee. The settlement conference was unsuccessful. The case was briefed to the court, and plaintiff prevailed and was designated the prevailing party, entitling it to costs and disbursements. *Rough & Ready Lumber Co. v. Hartnell*, 175 Or App 291, 27 P3d 536 (2001). Plaintiff included its share of the neutral's fee in its attorney fee petition. Defendant objected.[1]

There is no statutory authority for a party to recover its portion of the Appellate Settlement Conference Program neutral's fee from an adverse party. *See Willamette Prod. Credit v. Borg-Warner Acceptance*, 75 Or App 154, 706 P2d 577, *rev den* 300 Or 477 (1985). Plaintiff is not entitled to recover its portion of the neutral's fee.

Petition for attorney fees allowed in the sum of $11,077.70.

---

[1] Defendant also argued that the number of hours in the fee petition was excessive. We reject that contention.